IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZACARY SELIG, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No.: |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LIFESTAR RESPONSE CORPORATION, | : | |
| MICHELLE SEIDEL, and JIM DICKINSON | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## COMPLAINT

### I. PRELIMINARY STATEMENT

This is an action for an award for damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Zacary Selig (hereinafter "Plaintiff"). Plaintiff was an employee at the Bethlehem branch of Defendant, LifeStar Response Corporation (hereinafter "LifeStar"), who has been harmed by violations of the Americans with Disabilities Act ("ADA"), as well as other improper conduct by LifeStar and their agents, servants and representatives including but not limited to Michelle Seidel, General Manager and Vice President of LifeStar, and Jim Dickinson, Senior Vice President (collectively referred to herein as "Individual Defendants.").

### II. JURISDICTION AND VENUE

1. The jurisdiction and venue of this Court is invoked in this District pursuant to 28 U.S.C. §1331 as arising under the laws of the United States, particularly the Americans with Disabilities Act ("ADA").

2. All conditions precedent to the institution of this suit have been fulfilled. As to the ADA claims, Plaintiff has invoked the procedure set forth in the ADA and has

received a Notice of Right to Sue as required by that statute. On March 30, 2013, Plaintiff filed a Charge of Discrimination with the EEOC which was jointly filed with the Pennsylvania Human Relations Commission, against LifeStar alleging, inter alia, disability based employment discrimination, maintenance of a hostile work environment, and retaliation. On March 18, 2014, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission.

3. This action has been filed within ninety (90) days of receipt of said Notice.

4. More than one year has elapsed since the filing of Plaintiff's Complaint with the PHRC.

## III. PARTIES

5. Plaintiff is an adult citizen and resident of the Commonwealth of Pennsylvania, residing at 4542 Game Preserve Road, Schnecksville, Pennsylvania 18078.

6. At all times relevant herein, Plaintiff was employed by LifeStar.

7. At all times relevant herein, Plaintiff was an "employee" as defined by the Americans with Disabilities Act, 42 U.S.C. § 12111(4), and is subject to the provisions of said Act.

8. At all times relevant herein, Plaintiff was "disabled" as defined by the Americans with Disabilities Act, 42 U.S.C. §12102 (2), and is subject to the provisions of said Act.

9. At all times relevant herein, Plaintiff was a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. § 12111(8), and is subject to the provisions of said Act.

10. LifeStar, is a New Jersey corporation doing business under the laws of the

Commonwealth of Pennsylvania with a principle place of business at 657 Union Boulevard, Totowa, New Jersey 07512 and a Pennsylvania location located at 1740 Eaton Avenue, Bethlehem, Pennsylvania 18018.

11. Defendant Michelle Seidel (hereinafter "Seidel") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action, Seidel was the "General Manager and Vice President" and a supervisory employee employed by LifeStar. At all times relevant hereto, Seidel was an agent, servant workman and/or employee of LifeStar, acting and/or failing to act within the scope, course, and authority of her employment with LifeStar. At all times relevant, Seidel was acting in her supervisory and/or personal capacity.

12. Defendant Jim Dickinson (hereinafter "Dickinson") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant to this action, Dickinson was the "Senior Vice President" and a supervisory employee employed by LifeStar. At all times relevant hereto, Dickinson was an agent, servant workman and/or employee of LifeStar, acting and/or failing to act within the scope, course, and authority of his employment with LifeStar. At all times relevant, Dickinson was acting in his supervisory and/or personal capacity.

13. At all times relevant herein, LifeStar was an "employer" and "person" as defined by the Americans with Disabilities Act, 42 U.S.C. § 12111(5)-(7) and is subject to the provisions of said Act.

14. LifeStar has, acting through its agents, servants, and representatives on more than one occasion, met with Plaintiff and was aware of his serious medical condition and disability and his requests for an accommodation due to his disability.

15. At all times relevant hereto, LifeStar was acting through its agents, servants

and employees, who were acting within the scope of their authority, course of employment and under the direct control of LifeStar.

IV. **STATEMENT OF CLAIM**

16. Plaintiff is a qualified person with a disability, a serious medical condition which substantially impairs him in one or more major life activities, including but not limited to concentrating, thinking, communicating, learning, and interacting with others.

17. The identity of the medical condition is omitted from this Complaint as a public document, but it is known to LifeStar and Individual Defendants, as set forth below.

18. Plaintiff was hired by LifeStar on February 7, 2012 as a "Fleet Manager."

19. Plaintiff's direct supervisors were Individual Defendants Seidel and Dickinson.

20. At all relevant times, Plaintiff performed his duties in a proper workman-like manner and did good work.

21. As a result of Plaintiff's serious medical condition and disability, he was constantly verbally harassed and physically assaulted on one occasion by Rob McDonough, a subordinate employee. This conduct exacerbated Plaintiff's serious medical condition and disability.

22. In January and February of 2013, Plaintiff reported McDonough's conduct to LifeStar and requested LifeStar's assistance in remedying the situation with McDonough.

23. At this time, Plaintiff advised Defendants, including Seidel and Dickinson, of his serious medical condition and disability.

24. Also at this time, Plaintiff inquired about potential leave to treat his serious medical condition and disability, workplace accommodations for his serious medical condition and disability, and potential Worker's Compensation coverage in the event his serious medical condition and disability would worse due to work conditions, his work duties, and the conduct of McDonough.

25. In response to Plaintiff's notification of his serious medical condition and disability and inquiry about potential leave, accommodations, and Worker's Compensation coverage, LifeStar, through Seidel and Dickinson, harassed, discriminated against, and retaliated against Plaintiff in the following ways:

    a. Forcing Plaintiff to seek treatment from LifeStar's Worker's Compensation doctor despite Plaintiff's objections;

    b. Harassing Plaintiff about seeking treatment from a doctor of his choosing;

    c. Forcing Plaintiff to take three (3) drug tests, all of which Plaintiff passed, when there was no cause to suspect drug or alcohol use;

    d. Forcing Plaintiff to work or take a drug test instead when he had various family plans already scheduled;

    e. Changing the management structure so Plaintiff would have to report to McDonough, the individual who was specifically known to LifeStar be involved harassing Plaintiff and exacerbating his serious medical condition and disability;

    f. Taking away Plaintiff's company car when LifeStar knew it was his only way to commute to work; and

    g. Disciplining Plaintiff for false, manufactured, undocumented, and

pretextual reasons such as refusing to be a team player, failing to effectively communicate, taking unapproved breaks during work hours, and inappropriately using his company car.

26. On or about February 22, 2013, LifeStar then terminated Plaintiff's employment in discrimination of his disability and/or as a result of Plaintiff requesting information about leave for treatment of his serious medical condition and disability, reasonable workplace accommodations for his serious medical condition and disability, and Worker's Compensation coverage in the event his serious medical condition and disability worsened due to work conditions and duties.

27. The reason given by Defendants for termination of Plaintiff is two unauthorized absences which was classified by Defendant as Plaintiff abandoning his job. However, this reason is manufactured, false, undocumented, and pretextual.

28. Plaintiff has been discriminated against under the ADA due to his disability and/or due to being regarded as or perceived as disabled.

29. While Plaintiff's serious medical condition and disability constitutes a disability under the ADA/PHRA, and affected and substantially limited and impaired major life functions, Plaintiff is now and always was, at all relevant times, a qualified individual with a disability and able to do his job with or without reasonable accommodations.

30. At all relevant times, Plaintiff's supervisors, the Individual Defendants, were told of Plaintiff's disabilities and were specifically made aware of them.

31. At all times, Plaintiff was always able to perform all of the essential functions of his job with or without accommodation.

32. Plaintiff was terminated due to his disabilities and/or for seeking information regarding potential ADA leave, reasonable workplace accommodations, and Worker's Compensation coverage.

33. As a direct result of the Individual Defendants and LifeStar's conduct, Plaintiff has been irrevocably damaged.

34. As a direct result of the Defendants' above-stated conduct, Plaintiff has suffered on-going back-pay and front-pay losses.

35. As a direct result of the Defendants' above-stated conduct, Plaintiff has suffered and continues to suffer emotional, psychological and physical distress and humiliation.

36. As a direct result of the Defendants' above-stated conduct, Plaintiff's career, professional and job opportunities has been impaired and damaged and he has suffered a loss of earnings and earning capacity.

37. At all times material hereto, Seidel and Dickinson, through their actions and inactions, aided and abetted the discriminatory conduct of LifeStar.

V. **CAUSES OF ACTION**

### COUNT I
### PLAINTIFF v. LIFESTAR
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

38. Paragraphs 1 through \_\_\_\_, inclusive, are incorporated by reference as if fully set forth at length herein.

39. At all times relevant herein, Plaintiff was disabled, regarded as and/or perceived as disabled by LifeStar.

40. Plaintiff was able to perform all of the essential functions of his position with or without accommodation.

41. By reason of the conduct set forth above, LifeStar intentionally, knowingly and purposefully violated the Americans with Disabilities Act by invidiously discriminating against the qualified Plaintiff who had a serious medical condition and disability.

42. By its actions and inactions through its agents, servants and representatives, LifeStar created, maintained and permitted to be maintained a work environment, which was hostile to persons such as Plaintiff who have a record of or are perceived as having a disability.

43. As a direct result of Plaintiff's serious medical condition and disability and/or his request for information on possible leave for treatment of his serious medical condition and disability, reasonable accommodations for his serious medical condition and disability, and Worker's Compensation coverage for his serious medical condition and disability, LifeStar terminated Plaintiff's employment.

44. LifeStar's aforesaid actions were outrageous, egregious, malicious, intentional, willful, wanton, and in reckless disregard of Plaintiff's rights.

## COUNT II
## PLAINTIFF v. LIFESTAR
## RETALIATION UNDER THE ADA

45. Paragraphs 1 through _____ ,inclusive, are incorporated by reference as if fully set forth at length herein.

46. By the acts complained of, LifeStar has retaliated against Plaintiff for exercising his rights under the Americans with Disabilities Act in violation of the Act.

47. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of LifeStar's retaliatory practices unless and until this

Court grants relief.

## COUNT III
## PLAINTIFF v. LIFESTAR
## VIOLATION OF THE PHRA

48.     Paragraphs 1 through _____, inclusive, are incorporated by reference as if fully set forth at length herein.

49. The unlawful actions of LifeStar acting as aforesaid, constitutes a violation of Title 43 Pa. Stat. Ann. § 951 et seq. of the Pennsylvania Human Relations Act. The said unlawful practices for which LifeStar is liable to Plaintiff include, but are not limited to discrimination based on Plaintiff's serious medical condition and disability and retaliation against Plaintiff by terminating his employment because he requested information on possible leave for treatment of his serious medical condition and disability, reasonable accommodations for his serious medical condition and disability, and Worker's Compensation coverage for his serious medical condition and disability.

50.     As a direct result of LifeStar's willful and unlawful actions in treating Plaintiff in a discriminatory manner and retaliating against him solely because of his disability, in violation of Title 43 Pa. Stat. Ann. § 951 et seq. of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT IV
## PLAINTIFF v. LIFESTAR
## RETALIATION UNDER THE PHRA

51. Paragraphs 1 through _____, inclusive, are incorporated by reference as if fully set forth at length herein.

52. By the acts complained of, LifeStar has retaliated against Plaintiff for exercising his rights under the Pennsylvania Human Relations Act in violation of said act.

53. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of LifeStar retaliatory practices unless and until this Court grants relief.

## COUNT V
## PLAINTIFF v. THE INDIVIDUAL DEFENDANTS
## SEIDEL and DICKINSON
## AIDING AND ABETTING
## DISCRIMINATION AND RETALIATION UNDER THE PHRA

54. Paragraphs 1 through _____, inclusive, are incorporated by reference as if fully set forth at length herein.

55. The unlawful actions of the Defendants acting as aforesaid, constitutes a violation of Title 43 Pa. Stat. Ann. § 951 et seq. of the Pennsylvania Human Relations Act.

56. The said unlawful practices for which the Defendants are liable to Plaintiff include, but are not limited to discrimination based on Plaintiff's serious medical condition and disability and retaliation against Plaintiff by terminating his employment because he requested information on possible leave for treatment of his serious medical condition and disability, reasonable accommodations for his serious medical condition and disability, and Worker's Compensation coverage for his serious medical condition and disability.

57. At all relevant times herein, the Individual Defendants knew, or had reason to know of the actions and inaction alleged herein and/or have personally participated in some of said actions and are ultimately responsible for same, and

aided and abetted the illegal conduct of LifeStar.

58. The Individual Defendants, as supervisors, are personally liable pursuant to the Pennsylvania Human Relations Act for aiding and abetting the unlawful conduct, disability discrimination and retaliation set forth herein.

59. As a direct result of the Individual Defendants' willful and unlawful actions in aiding and abetting in the discrimination and retaliation set forth herein in violation of Title 43 Pa. Stat. Ann. §951 <u>et seq.</u> of the Pennsylvania Human Relations Act, Plaintiff has sustained, severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## V. **PRAYER FOR RELIEF**

60. Paragraphs 1 through _____, inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff respectfully requests the Court to:

a. Exercise jurisdiction over his claim;

b. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

c. Award compensatory damages, including but not limited to reimbursement of all medical and psychological expenses; back pay and future earnings and loss of earning capacity in the amount of wages and benefits; damages for Plaintiff's mental, psychological and emotional injuries, anguish, humiliation, anxiety, physical and mental pain and suffering and loss of life's pleasures, all of which may be permanent, together with interest, resulting from Defendant's discriminatory and unlawful conduct;

    d. Reinstate Plaintiff to his former position together with back pay and compensatory damages;

    e. Award punitive and/or liquidated damages as may be permitted under law;

    f. Award Plaintiff attorneys' fees and costs; and

    g. Grant such other relief, as the Court deems just and equitable.

## VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

HAHALIS & KOUNOUPIS, P.C.

By: /s/ George S. Kounoupis
GEORGE S. KOUNOUPIS, ESQUIRE
20 East Broad Street
Bethlehem, PA 18018
(610) 865-2608
Attorneys for Plaintiff,
Zacary Selig

Date: June 4, 2014